UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 18-80533-CV-MIDDLEBROOKS

MARIA LOPEZ SANCHEZ,

    Plaintiff,

v.

ALLIGATOR LANDSCAPING INC., a Florida corporation, and JUSTO NARANJO, owner, as an individual,

    Defendant.
_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff Maria Sanchez Lopez's Motion for Attorney Fees and Costs ("Motion for Fees") (DE 29), filed July 9, 2019, to which Defendants Alligator Landscaping Inc. and Justo Naranjo responded on July 23, 2018 (DE 30); and Plaintiff's Motion to Strike Portions of Defendants' Response to Plaintiff's Motion for Attorney Fees ("Motion to Strike") (DE 31), filed July 25, 2018, to which Defendant responded on July 26, 2018 (DE 32) and Plaintiff replied on August 9, 2018 (DE 33). For the reasons set forth below, the Motion to Strike is denied and the Motion for Fees is granted in part.

**I.    BACKGROUND**

Plaintiff initiated this lawsuit on April 23, 2018. (DE 1). She alleged that Defendants had violated the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") by failing to pay her regular time and overtime wages. (*Id.* ¶¶ 27–46). On June 26, 2018, the Court approved the Parties' settlement. (DE 25). Pursuant to the terms of the settlement, Plaintiff received $2,746.16 in damages. (DE 25). The Parties chose to litigate attorney fees after the Court approved the settlement award. (DE 24).

1

In the Motion for Fees, Plaintiff now moves for an award of $7,732.50 in attorney fees and $480.00 in costs. (DE 29). Defendants challenge the amount of attorney fees requested by Plaintiff. (DE 30). Additionally, Plaintiff moves to strike certain exhibits attached to Defendants' response to Plaintiff's Motion for Fees. (DE 31).

## II.     MOTION TO STRIKE

In the Motion to Strike, Plaintiff argues that Exhibits C, D, E, F, and G should be stricken because they violate Federal Rule of Evidence 408, which prohibits the admission of evidence of settlement offers and acceptances and of statements made during settlement negotiations. Fed. R. Evid. 408(a). Federal Rule of Civil Procedure 12(f) provides that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike are "a drastic remedy" that are generally disfavored by the courts. *Augustus v. Board of Public Instruction*, 306 F.2d 862, 868 (5th Cir. 1962)[1] (quoting *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 821 (6th Cir. 1953)). Accordingly, such motions "will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Id.*

Federal Rule of Evidence 408 prohibits the admission of evidence of offers or negotiations to settle "a claim" for the purpose of proving the validity or amount of "the claim." Fed. R. Evid. 408. Rule 408 also contains an exception that admits this type of evidence "for another purpose, such as proving a witness's bias or prejudice, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution." Fed. R. Civ. P. 408(b). The test for whether a particular piece of evidence is inadmissible under Rule 408 is whether the statement is intended to be part of the negotiations toward compromise. *Blu-J, Inc v. Kemper C.P.A. Group*,

---

[1] The Eleventh Circuit has recognized the case law of the former Fifth Circuit prior to 1981 as its governing body of precedent. *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981).

2

916 F.2d 637, 642 (11th Cir. 1990) (citing *Ramada Dev. Co. v. Rauch*, 644 F.2d 1097, 1106 (5th Cir. 1981)).

Here, Plaintiff seeks to strike five exhibits to Defendant's response to Plaintiff's Motion for Fees—Exhibits C, D, E, F, and G.  (DE 31).  Exhibits C, D, E, and F are copies of emails that contain settlement offers or discuss such offers. (DE 30, Exhibits C, D, E, & F).  Exhibit G is a copy of an informational fact sheet published by the U.S. Department of Labor, titled "Fact Sheet #22: Hours Worked Under the Fair Labor Standards Act (FLSA)."  (DE 30, Exhibit G).  This document seems to bear no relation to any settlement offers or negotiations, and Plaintiff does not explain how or why this would have been intended as part of such negotiations.  As to Exhibit G, Plaintiff's Motion to Strike is denied.

The Motion to Strike is also denied as to Exhibits C through F.  Though those exhibits include settlement offers or discussions of settlement negotiations, the exhibits have not been offered to prove the validity of Plaintiff's claim.  Plaintiff's claim has already been settled by the Parties and approved by the Court. (DE 25).  The exhibits are instead offered to show the reasonableness or unreasonabless of Plaintiff's attorney fees, which is the only thing still in dispute between the Parties.  Exhibits E and F, for example, are offered to challenge the reasonableness of the amount of time Plaintiff's attorney spent writing the emails contained in those exhibits. (DE 30 at 4–5).  Exhibits C and D seem to be offered to suggest that Plaintiff may have initiated this lawsuit—as opposed to settling Plaintiff's claim without judicial intervention—in order to drive up Plaintiff's attorney fees.[2]  (*Id.* at 1–2).

---

[2] Exhibits C is also potentially outside the purview of Rule 408's prohibition. Exhibit C contains an email that memorializes a phone call between the Parties' attorneys, in which they agreed to allow Defendant time to review Plaintiff's claims and settlement demand.  (DE 30, Exhibit C).  Exhibit C thus does not appear to be a part of settlement negotiations, but merely memorializes a conversation in which a potential settlement was discussed.

3

Although the Eleventh Circuit has not decided the issue, several circuit courts have held that "settlement negotiations may be considered by the district court as a factor in determining a fee award." *Ingram v. Oroudjian*, 647 F.3d 925, 927 (9th Cir. 2011) (using evidence of settlement negotiations to determine attorney fees in a case brought under the Fair Housing Act, 42 U.S.C. §§ 3601–3619); *see also Lohman v. Duryea Borough*, 574 F.3d 163, 167 (3d Cir. 2009) ("Rule 408 does not bar a court's consideration of settlement negotiation in its analysis of what constitutes a reasonable fee award in a particular case."). I find that Rule 408's exception provision allows this type evidence to be admitted for this purpose. Accordingly, Plaintiff's Motion to Strike is denied.

### III.   MOTION FOR FEES

A reasonable attorney fee award "is properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Blum v. Stenson*, 465 U.S. 886, 888 (1984). The fee applicant bears the burden of documenting "the appropriate hours and hourly rates." *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988). The product of these two figures is the lodestar and there is a "strong presumption" that the lodestar is the reasonable sum the attorney deserves. *See Pennsylvania v. Del. Valley Citizen's Council for Clean Air*, 478 U.S. 546, 565-66 (1986). After calculating the lodestar, the court determines whether any portion of this fee should be adjusted upwards or downwards for results obtained. *Norman*, 836 F.2d at 1302.

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation. *Id.* at 1299 (citing *Blum*, 465 U.S. at 895–96 n.11). In determining what constitutes a reasonable hourly rate, the court may consider the twelve factors described in *Johnson v. Georgia Highway Express*,

Inc., 488 F.2d 714, 717-19 (5th Cir. 1974).[3] The *Johnson* factors include: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Johnson*, 488 F.2d at 717–19.

A court must look to the "billing judgment" of the attorney and exclude "excessive, redundant, or unnecessary hours" when evaluating the hours reasonably worked. *Norman*, 836 F.2d at 1301 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 434, 437 (1983)) (internal quotations omitted). When a district court finds the number of hours claimed is unreasonably high, the court has two choices: it may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut. *See Loranger*, 10 F.3d at 783. Importantly, "[t]he court . . . is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment with or without the aid of witnesses as to value." *Norman*, 836 F.2d at 1303 (citations and internal quotations omitted).

In the Motion for Fees, Plaintiff requests $7,732.50 in attorney fees and $480.00 in costs. Plaintiff's counsel David C. Wiitala ("Counsel") spent 17.7 hours working on this case, and he bills at a rate of $350.00 per hour. Counsel's paralegal ("Paralegal") bills at an hourly rate of

---

[3] The Eleventh Circuit has explained that "[a]lthough [this] balancing test has since been displaced by the lodestar formula, we have expressed our approval of district courts considering the *Johnson* factors in establishing a reasonable hourly rate." *Loranger v. Stierheim*, 10 F.3d 776, 781 n.6 (11th Cir. 1994) (citation omitted).

$125.00 and spent 12.3 hours working on this matter. Defendant does not challenge the $480.00 in costs. (DE 30 at 6). Defendant also does not contest Counsel or Paralegal's hourly rates. (*Id.* at 5). Defendant objects only to the amount of time that Counsel and Paralegal spent working on the case.

Defendant first argues that the Court should reduce Plaintiff's attorney fees by 90%. (*Id.* at 4). Given that Counsel successfully recovered Plaintiff's unpaid wages and liquidated damages, I do not agree that Counsel's performance deserves only 10% of his alleged fees. And while I am concerned that Counsel's requested attorney fees are treble the amount of Plaintiff's damages, I do not think that Counsel's fees are so unreasonable when compared to the claim as to merit such a drastic across-the-board reduction.

Defendant next challenges specific line items on Counsel's and Paralegal's time sheets. (*Id.* at 4–5). I agree with Defendant that certain items appear to be unreasonable. Counsel states that he spent 0.70 hours reviewing a two-page informational fact sheet published by the U.S. Department of Labor. (DE 29 at 20, *see also* DE 30, Exhibit G). I instead award 0.20 hours for this task. Counsel also records that he spent 5.5 hours conducting legal research before drafting the Complaint. (DE 29 at 20). The issues researched by Plaintiff are matters of well-settled law in the Eleventh Circuit, and do not require so many hours to find binding precedent. I will award Plaintiff 2.0 hours for legal research. With those exceptions, the rest of Counsel and Paralegal's time sheets appear reasonable.

Having reduced Counsel's time by 4 hours, the amount of hours reasonably expended by Counsel is 13.7 hours. At his hourly rate of $350.00, Counsel's attorney fees amount to $4,795.00 under the lode star method. Using the same method, Paralegal's reasonable hourly rate, $25.00,

6

multiplied by the reasonable hours expended, 12.3, amounts to $1,537.50. Together, Plaintiff's attorney fees equal $6,335.50 and Plaintiff's costs amount to $480.00.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that

(1) Plaintiff's Motion for Attorney Fees (29) is **GRANTED IN PART**. Plaintiff is awarded **$6,815.50** in attorney fees and costs.

(2) Plaintiff's Motion to Strike (DE 30) is **DENIED**.

**SIGNED** in Chambers in West Palm Beach, Florida, this 25 day of February, 2019.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRCT JUDGE

Cc: Counsel of record